# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

MELISSA G. DURHAM                CIVIL ACTION

VERSUS

NO. 14-00445-SDD-RLB

ASCENSION PARISH SCHOOL BOARD

## RULING

Before the Court is a *Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6)* filed by Defendant, Ascension Parish School Board (hereinafter "Defendant" or "APSB").[1] *Pro Se* Plaintiff, Melissa G. Durham (hereinafter "Plaintiff" or "Durham"), has responded with an *Opposition*[2] and *Opposition to Dismiss with Supporting Laws*.[3] For the following reasons, Defendant's *Motion* shall be granted in part, and denied in part.

### I.    FACTUAL BACKGROUND & PROCEDURAL HISTORY

*Pro se* Plaintiff Durham timely filed this lawsuit against her former employer, APSB, after being terminated from the teaching position she held for approximately six months at Gonzalez Middle School.[4] The school principal recommended Durham's termination in a letter dated February 12, 2014, due to unsatisfactory teaching performance and the inability to properly manage her classroom.[5] Following her termination, Durham filed a *Charge of Discrimination* with the EEOC, in which she claimed APSB discriminated against her based upon her age (48 years old) in violation of the Age Discrimination in Employment Act ("ADEA") and because of her disability in

---

[1] Rec. Doc. 10.
[2] Rec. Doc. 12.
[3] Rec. Doc. 13.
[4] Rec. Doc. 1-1, p. 3; Rec. Doc. 12-1. Durham received her *Right to Sue Letter* on July 14, 2014, and filed her *Complaint* July 18, 2014. Rec. Doc. 1.
[5] Rec. Doc. 12-1, pp. 19-20.

1

violation of the Americans with Disabilities Act Amendments Act of 2008(ADAAA).[6] According to Durham, she was subjected to unfair treatment, different terms and conditions of employment, and denied reasonable accommodations throughout her tenure at Gonzalez Middle School.[7] After conducting its investigation, the EEOC issued Durham a *Right to Sue Letter*.[8]

On July 18, 2014, Durham timely filed her *Complaint* in which she asserted that "APSB subjected [her] to unfair discipline and harassment and neglected to provide accom[o]modations for such. Injured on the job during a fight and received a write up and reprimand for students['] behavior."[9] Although she did not specify the grounds upon which she was asserting her claims in federal court, the Court construes Durham's initial claims as arising under the ADEA and the ADAAA. In a subsequent filing captioned *Amended Legal and Equitable Claims*, which the Court shall treat as an *Amended Complaint*, Durham reiterates her claims under the ADAAA, while asserting additional claims under the First Amendment to the United States Constitution, the Notification and Federal Employee Antidiscrimination and Retaliation Act of 2002 ("No FEAR Act"),[10] the Fair Labor Standards Act ("FLSA"),[11] for Wrongful Termination under the Family Medical Leave Act ("FMLA"),[12] and for violating Louisiana's Teacher Rights.[13]

---

[6] Rec. Doc. 10-2, p. 3.
[7] Rec. Doc. 10-2, p. 3.
[8] Rec. Doc. 10-2, p. 2. *Right to Sue Letter* issued on July 14, 2014.
[9] Rec. Doc. 1, p. 2.
[10] 5 U.S.C. § 2301, *et seq.*
[11] 29 U.S.C. § 201, *et seq.*
[12] 29 U.S.C. 2615(a)&(b)
[13] Rec. Doc. 20. In reviewing the attachments to Durham's *Oppositions* to APSB's *Motion to Dismiss*, the Court identified La. R.S. 17:416.1 (Discipline of Pupils) and 17:416.9 (Schools' Duty to Safety) as the statutes upon which she was making her state law teacher claims. Rec. Doc. 12-1, p.9.

2

APSB now seeks dismissal of Durham's claims for lack of subject matter jurisdiction and for failure to state a claim.[14]

## II. LAW AND ANALYSIS

### A. Rule 12(b)(1) Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure requires that a court dismiss a claim if the court does not have subject matter jurisdiction over the dispute. "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."[15] The district court "has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[16] When considering jurisdictional challenges, "the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist."[17] "A motion to dismiss pursuant to Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss."[18]

Construing Durham's pleadings liberally, as the Court is required to do for *pro se* litigants, the Court finds that it has subject matter jurisdiction over Durham's claims.[19] Based upon the *Charge of Discrimination* and EEOC *Dismissal and Notice of Right to Sue Letter* attached to the *Original Complaint*, the Court has subject matter jurisdiction

---

[14] APSB filed its *Motion to Dismiss* before Durham filed her *Amended Complaint*. However in APSB's *Response* to the *Amended Complaint*, it once again moved for the dismissal of Durham's claims for failure to state a claim. Rec. Doc. 22, p. 1, First Affirmative Defense.
[15] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)(citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1997)(per curiam)), cert. denied, 536 U.S. 960 (2002)).
[16] *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).
[17] *Ramming*, 281 F.3d at 161.
[18] *Burns v. East Baton Rouge Parish Prison*, 2015 WL 2163946, at *2 (M.D.La. May 7, 2015).
[19] *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).

3

over Durham's ADEA and ADAAA claims pursuant to 28 U.S.C. § 1333. In her *Amended Complaint*, Durham reiterated her claims brought under the ADAAA. Based on the Court's finding, APSB's motion to dismiss for lack of subject matter jurisdiction shall be denied.

### B. Rule 12(b)(6) Standard

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[20] However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice."[21] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[22] Rather, "[t]o survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim of relief that is plausible on its face.'"[23] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully."[24] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[25] Furthermore, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of

---

[20] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir.1999)).
[21] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (hereinafter "*Iqbal*") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (hereinafter "*Twombly*").
[22] *Taha v. William Marsh Rice Univ.*, 2012 WL 1576099 at *2 (S.D. Tx. May 3, 2012)(quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).
[23] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 570).
[24] *Iqbal*, 129 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).
[25] *Id.*

4

his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[26] On a motion to dismiss, the court may consider "the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'"[27] "The [C]ourt may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims."[28]

As the Court has previously acknowledged, Durham is proceeding *pro se*. "It is well-established that 'pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.'"[29] Nonetheless, "regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'"[30]

The Court will now address those claims raised by Durham in her *Complaints* to determine whether she can survive APSB's Rule 12(b)(6) *Motion*.

1. Age and Disability Claims

The ADEA makes it unlawful for an employer to "fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such

---

[26] *Twombly*, 550 U.S., at 555 (internal citations and brackets omitted).
[27] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011)(quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted).
[28] *Brand Coupon Network, LLC, v. Catalina Mktg, Corp.*, 748 F.3d 631, 635 (5th Cir. 2014)(quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000))(footnotes omitted)).
[29] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)(quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)).
[30] *Id.* (quoting *S. Christian Leadership Conference*, 252 F.3d at 786 (quoting *Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir. 1993)))(ital. added).

5

individual's age."[31] In this case, the Court construes Durham's ADEA claim as arising out of her alleged unlawful discharge from employment. In order to establish a *prima facie* case of discrimination under the ADEA, Durham must show that (1) she was discharged, (2) she was qualified for the position at issue, (3) she was within the protected class at the time of discharge, and (4) she was replaced by someone younger or someone outside of the protected class, or otherwise terminated because of her age.[32] "While a plaintiff need not plead a *prima facie* case of discrimination in her complaint, the prima facie elements are not entirely irrelevant, and no plaintiff is exempt from her obligation to allege sufficient facts to state all the elements of her claim."[33] Liberally construing the *Complaints* and their attachments, the Court finds that the only elements that Durham has sufficiently pled to support her ADEA claim are that she is a member of the ADEA's protected class and that she was discharged from her teaching position. Accordingly, Durham's ADEA claim must be dismissed for failure to state a claim.

Durham has also asserted a claim under the ADAAA against APSB for failure to accommodate. Discrimination under the ADAAA includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability" unless doing so "would impose an undue hardship" to the employer.[34] To establish a *prima facie* case of discrimination based on failure to accommodate a disability, a plaintiff musts show that: "(1) the plaintiff is a 'qualified

---

[31] 42 U.S.C. § 2000e-2(a).
[32] *Phillips v. Leggett & Platt, Inc.*, 658 F.3d 452, 455 (5th Cir. 2011)(citing *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004)).
[33] *Phillips v. United Parcel Service, Inc.*, 2012 WL 4892972 (N.D.Tex. Oct. 2, 2012)(citing *Puente v. Ridge*, 324 Fed.App'x. 423, 428 (5th Cir. 2009)(internal cites omitted)(ital. added).
[34] 42 U.S.C. § 12112(5)(A).

individual with a disability;' (2) the disability and its consequential limitations were 'known' by the covered employer; and (3) the employer failed to make 'reasonable accommodations' for such known limitations."[35] In her *Charge of Discrimination*, Durham claims that APSB "was fully aware of [her] mental disability and continued to put unnecessary requirements on [her]", and that APSB denied her requests for reasonable accommodations to assist with disruptive students. In her *Opposition*, Durham asserts that the APSB has known about her disability since her "new employment training" because her mental condition was mentioned in her August 2014 employment application.[36] Nonetheless, aside from these conclusory allegations, the Court finds that Durham has not asserted any facts that would make her failure to accommodate claim sufficiently plausible. Accordingly, Durham's failure to accommodate claim brought under the ADAAA must be dismissed for failure to state a claim.

2. Remaining Claims

Neither of Durham's *Complaints* nor her memoranda in opposition to APSB's motion offer any factual support for her remaining claims brought under the First Amendment, the federal No FEAR Act, the FLSA, the FMLA, and the Louisiana Teacher's Bill of Rights. In her *Amended Complaint*, Durham merely recites those laws, statutes, and constitutional amendments that she believes APSB violated. Such allegations, without factual support, merely amount to conclusory allegations that cannot withstand a Rule 12(b)(6) challenge. Accordingly, Durham's remaining claims against APSB shall be dismissed.

---

[35] *Feist v. Louisiana, Dept. of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013).
[36] Rec. Doc. 12.

### C. OPPORTUNITY TO AMEND

Within the Fifth Circuit the general rule is that "a district court errs in dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend."[37] Courts may appropriately dismiss an action with prejudice if the court finds that the plaintiff has alleged her best case,[38] or if the amendment would be futile.[39] In this instance, Durham has not only amended her *Complaint*, but she has taken the opportunity to file two memoranda in opposition to APSB's motion to dismiss. It is clear to the Court that Durham has already presented her best case. Accordingly, the Court finds that it would be futile to allow Durham to amend her *Complaint* again at this juncture and dismissal with prejudice is warranted.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Ascension Parish School Board's Motion to Dismiss is hereby GRANTED IN PART and DENIED IN PART.[40]

The Court hereby DENIES Ascension Parish School Board's *Motion to Dismiss* for lack of subject matter jurisdiction. The Court hereby GRANTS Ascension Parish School Board's *Motion to Dismiss* Melissa G. Durham's claims under Rule 12(b)(6).

---

[37] *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)(per curium).
[38] *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).
[39] *LaCroix v. Marshall County, Mississippi*, 409 Fed.Appx. 794, 802 (5th Cir. 2011)(citing *McCullough v. Tex. Dep't of Criminal Justice*, No. 95–20475, 1995 WL 696758, at *1 (5th Cir. Oct. 18, 1995); *see also Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir.1989) ("Pro se prisoner complaints must be read in a liberal fashion and should not be dismissed unless it appears beyond all doubt that the prisoner could prove no set of facts under which he would be entitled to relief.").
[40] Rec. Doc. 10.

Accordingly, Melissa G. Durham's claims against Ascension Parish School Board are hereby DISMISSED WITH PREJUDICE.

Signed in Baton Rouge, Louisiana, on <u>May 28, 2015</u>.

*[signature: Shelly D. Dick]*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**